IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-02488-STV

Trevor L. Alverson,

Plaintiff,

v.

BC Services, Inc.,

Defendant.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## PURSUANT TO FED.R.CIV.P. 56

COMES NOW the Defendant, BC Services, Inc. (the "Defendant") by and through, LASZLOLAW, and hereby submits its Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56 ("Motion"), and in support thereof, states as follows:

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On September 28, 2018, Plaintiff filed the instant action against Defendant, BC Services, Inc. *See Complaint,* Doc. No. 1.  In the Complaint, Plaintiff alleges that Defendant violated two provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), after sending a collection letter to Plaintiff (hereafter the "Letter"). Specifically, Plaintiff alleges Defendant failed to comply with 15 U.S.C. §§ 1692e, and 1692f  *Id.*, ¶¶ 24 - 30.  Plaintiff contends that the contents of the Letter are false, and the Letter is deceptive or misleading in violation of 15 U.S.C. § 1692e.  In this regard, Plaintiff takes issue with the statement in the Letter that reflects "Interest: $0.00." Complaint, ¶26.  Plaintiff contends that the statement in the Letter that $0.00 interest is owed falsely represents the amount due on the debt.  Complaint, ¶27. Plaintiff contends that no additional charges can lawfully be added to the amount due. Complaint, ¶28.  Plaintiff also

1

alleges that the Letter violates 15 U.S.C. 1692f because it suggests that Defendant can collect interest that it is not authorized to collect. Complaint, ¶31.

The Letter clearly indicates no interest was owed at the time the Letter was sent.  The Letter creates no confusion whatsoever as to the balance due, as zero means zero. Furthermore, pursuant to C.R.S. 5-12-101, *et seq.* interest could have legally been added to the account at issue (hereafter the "Account").  Additionally, this matter is outside the FDCPA because the amount in controversy is "zero."  As set forth below, and based upon the undisputed facts in the record, Defendant did not violate the FDCPA, and this Court should find, as a matter of law, that Defendant did not violate the FDCPA.   Accordingly, Defendant is entitled to summary judgment in its favor with respect to Plaintiff's claims in this case.

II.     **SUMMARY JUDGMENT STANDARD**

Summary judgment under Fed.R.Civ.P. 56 is appropriate when "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In deciding a motion for summary judgment, all facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes.  *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1050 (9th Cir. 1995).  However, under Rule 56, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary Judgment under Rule 56 is regarded "as an integral part of the Federal Rules"

and is designed "'to secure the just, speedy, and inexpensive determination of every action.'"

*Celotex Corp.,* 477 U.S. at 327.   Thus, Rule 56 must be construed with due regard not only for the

rights of persons asserting claims that are adequately based in fact, but also for the rights of entities

opposing such claims to demonstrate prior to trial that the claims have no basis. *Id.*   No longer may

a plaintiff avoid summary judgment by presenting a "merely colorable" claim or "a scintilla" of

evidence. *See*, *Anderson,* 477 U.S. at 250-251. Rather, in the face of a properly supported motion

for summary judgment, a plaintiff must offer significant probative evidence tending to support the

complaint. *Id*. at 256.

### III.   ARGUMENT

#### A. DEFENDANT DID NOT VIOLATE THE FAIR DEBT COLLECTION PRACTICES ACT

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15  U.S.C. § 1692(e).   Importantly, the FDCPA was

enacted as a "shield" and not a "sword."  *Emanuel v. American Credit Exch.*, 870 F.2d 805, 808

(2nd Cir. 1989).  Where a debt collector's conduct "in no way exemplifies the abusive behavior or

false or misleading practice that Congress had in mind when it enacted the FDCPA," then there is

no violation. *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 903-04 (D. Minn. 2000).

15 U.S.C. § 1692e states: "[a] debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt."  This section of the FDCPA

also provides numerous non-exclusive examples of what amounts to a violation of this provision.

*See*, 15 U.S.C. § 1692e (1)-(16).  The statute also prohibits debt collectors from using "unfair or

unconscionable means to collect or attempt to collect any debt."  15 U.S.C. 1692f . The statute

further states it is a violation to attempt to collect "any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). When considering claims pursuant to §§ 1692e and 1692f of the FDCPA, courts apply the "least sophisticated consumer" standard. *Villanueva v. Account Discovery Systems, LLC,* 77 F.Supp. 3d 1058, 1072 (D. Colo. 2015). While the Tenth Circuit has not expressly adopted this standard it has, "in an unpublished opinion, 'applied an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector.'" *Id* (citing *Ferree v. Marianos and Shaprio & Marianos,* 129 F.3d 130 (10th Cir. 1997). The "least sophisticated consumer standard" is not meant to impose liability for "bizarre or idiosyncratic" interpretations of collection notices and preserves a quotient of reasonableness. *See Cloman v. Jackson*, 988 F.2d 1314, 1319-20 (2nd Cir. 1993)(citation omitted); *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000)("The Act protects the unsophisticated debtor, but not the irrational one."). As described by the court in *Sullivan v. Credit Control Services, Inc.*, 745 F. Sup. 2d 2 (D. Mass. 2010):

> In order to be workable, the standard must presume *some* level of sophistication and intelligence on the part of the consumer. At a minimum, the consumer must be capable of reading and interpreting a document that is written in plain English. Moreover, the consumer must be capable of understanding a document that contains certain types of information, some of which are legal concepts that are required to be included as a matter of law.

*Id*., at 8 (citing *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F. 3d 504, 509-10 (6th Cir. 2007) and *Cloman*, 988 F. 2d at 1319). As described in greater detail below, even if a statement is "false" in a technical sense, it is not actionable unless the false statement is "materially" false because mere technical falsehoods would not mislead a "least sophisticated" consumer. *See Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 2010 U.S.

App. LEXIS 772, *18-19 (9th Cir. January 13, 2010).

Here, Plaintiff alleges that a collection letter that stated Plaintiff owed "Interest: $0.00" is somehow confusing, misleading, and unconscionable in violation of 15 U.S.C. §§ 1692e and 1692f. Complaint, ¶¶24 – 31. Plaintiff's allegation that "Interest $0.00" is confusing is not only a "bizarre" or "idiosyncratic" reading of the collection Letter, it is simply absurd. Zero means zero – no interest was owed and no interest was being sought at the time the Letter was sent. SOF, ¶5, Exhibit B, ¶6; Exhibit C. The Letter did not state or imply anything about accruing interest; it simply stated that Plaintiff owed zero interest. Exhibit C. The Letter accurately reflected the amount owed by Plaintiff to Defendant at the time. SOF, ¶8; Exhibit B, ¶9. Thus, Plaintiff fails to show that the alleged misrepresentations are material and Plaintiff's claims as a result should fail.

Furthermore, Plaintiff's claims should fail because Defendant's Letter is accurate and contains no misrepresentation whatsoever. Defendant did intend to add accrued interest to the Account in the future. SOF, ¶7, Exhibit B ¶8. Pursuant to C.R.S. 5-12-101 *et seq.*, Defendant had the statutory right to collect interest on the Account. Defendant initially simply chose to waive accrued interest in an effort to resolve the Account. SOF, ¶7. There is nothing misleading, confusing, unconscionable, or unclear about the Letter. The Letter is accurate insofar as it references interest – though zero at the time – that Defendant intended to collect upon in the future. Thus, Plaintiff's claims under 15 U.S.C. 1692e and 15 U.S.C. 1692f must fail.

A recent case out the Northern District of Illinois considered FDCPA allegations by a plaintiff who received a letter almost exactly like the Letter in this case. *Delgado v. Client Services, Inc.* 2018 WL 1193741 (N.D. Ill. 2018). The plaintiff in *Delgado* alleged that a collection letter violated 15 U.S.C. 1692e, among other provisions, when it listed "0.00" on the line for interest. *Id.* The court reasoned as follows:

> The language in the Letter is clear. It displays the amount due at the top, and includes an itemization in the body of the letter, including "Interest: 0.00" and "Other Charges: 0.00." Doc. 33-1, Ex. B. **Rather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges**. … Consideration of the Letter as a whole reinforces the fact that it is not misleading. There is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges.

*Delgado v. Client Servs., Inc.,* 2018 WL 1193741, at \*3 - \*4 (N.D. Ill. Mar. 7, 2018)(emphasis added)  The court in *Delgado* also references the court in *Dick v. Enhanced Recovery Co.,* which considered a similar letter and held "the letter was not false, deceptive, or misleading, noting that 'the [l]etter did not leave [the plaintiff] in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond or dispute collection." *Id.* (citing *Dick v. Enhanced Recovery Co.* 2016 WL 5678556 (E.D.N.Y. 2016).  To find that a letter that itemizes interest as "zero" to be deceptive, misleading or confusing "places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Id.*  "This is clearly not what Congress intended the FDCPA to do…" *Id.*

Plaintiff may argue that if Defendant intended to add interest in the future, certain disclosures explaining the interest calculation should be made in the Letter.  For example, the Seventh Circuit has offered "safe harbor" language for a collection letter reflecting a balance that will increase due to increase from day to day. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, L.L.C.,* 214 F.3d 872, 876 (7th Cir. 2000). In *Miller,* the court reviewed a collection letter and offered "safe harbor" language that *could* be used to clarify the balance owed on a

collection letter when interest has accrued and posted to an account. *Id.* Notably, such language is not required for FDCPA compliance. *Id.*

The Miller case is not on point here as the Letter here does not indicate in any manner that interest is owed or that the balance due is different from what is clearly stated on the Letter. Furthermore, the FDCPA requires only that the validation letter state the total amount due as of the date the letter is sent. 15 U.S.C. 1692g(a)(1); *Adlam v. FMS, Inc.,* 2010 WL 1328958, at *3 (S.D.N.Y. Apr. 5, 2010)("the FDCPA does not require that debt collection letter warn a consumer that the debt may increase"); *Pifko v. CCB Credit Servs., Inc.,* 2010 WL 2771832, at *4 (E.D.N.Y. July 7, 2010)(the collection letter accurately reflected the amount due and there was no obligation to state the amount may increase over time due to interest); *Schaefer v. ARM Receivable Mgmt., Inc.*, 2011 WL 2847768, at *5 (D.Mass. July 19, 2011).

Plaintiff may also reference G*ill v. Credit Bureau of Carbon County* to support his position that the Letter was confusing or misleading. *Gill v. Credit Bureau of Carbon County,* 2015 WL 2128465 at *6 (D. Colo. 2015). In *Gill,* the court held that a collection letter violated the FDCPA because the letter requested an amount ("Total Due") with interest included without also informing the plaintiff consumer of the accruing interest. *Id. Gill* can be distinguished from this case because, here, the Letter explicitly itemizes the calculation of the balance due by specifying first, the principal balance due ("Principal $454.20"), and then also the amount of interest due ("Interest: $0.00"). Exhibit C. Defendant's Letter in this case is more specific and more informative than the letter in *Gill. Id.* Therefore, this court should determine, as a matter of law, that Defendant's Letter does not violate the FDCPA.

**1. Plaintiff cannot show Defendant made a *material* misrepresentation**

As stated above, in order for Plaintiff's claims to be actionable, this Court must find that

the statement in the Letter is *materially* false. *Hahn v. Triumph Partnership, LLC*, 557 F.3d 755, 758 (7th Cir. 2009). Courts have declined to impose liability for false statements that are not material. A misrepresentation is material if it undermines the plaintiff's ability "to intelligently choose her action regarding the debt.'" *Hill v. Accounts Receivable Services, LLC,* 2016 WL 6462119 at *5 (D. Minn. 2016)(dismissing the plaintiff's claims under §1692e and §1692f because the plaintiff failed to show that the collection agency's attempt to collect interest undermined his ability to act in response to the debt). A material misrepresentation must "objectively affect the least sophisticated consumer's decision-making." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015). "A false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor, in other words, it must be material when viewed through the least sophisticated debtor's eyes." *Jensen v. Pressler & Pressler,* 791 F.3d 413, 421 (3d. Cir. 2015). In *Wahl v. Midland Credit Management, Inc.,* the U.S. Court of Appeals for the Seventh Circuit rejected the plaintiff/appellant's argument that § 1692e of the FDCPA only requires that a statement be deemed false in order to be actionable, stating:

> [i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA- - even if it is false in some technical sense. For purposes of 1692e, then, a statement isn't "false" unless it would confuse the unsophisticated consumer….So, while the FDCPA is a strict liability statute…the state of mind of the reasonable debtor is *always* relevant.

*Wahl v. Midland Credit Management,* 556 F.3d 643, 645-46 (7th Cir. 2009). Technical falsehoods do not concern the courts. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010). Instead, genuinely misleading statements that may frustrate the consumer's ability to intelligently choose his or her response concern courts and are actionable. *Id.*

In this case, no rational juror/trier of fact could find that the statement that Defendant pay "Interest: $0.00" could materially mislead the least sophisticated consumer. The Letter is clear

and unambiguous without reference to accruing interest, or a changing balance due.  Exhibit C. The Letter, just as the letter in *Wahl,* simply provides a breakdown of the amount owed. *Id.* To determine that $0.00 written on a collection letter is somehow confusing, or misleading would be entertaining both bizarre and idiosyncratic interpretations of the FDCPA.  Plaintiff has not shown that reviewing the Letter impacted his ability to respond to the debt in question.  Plaintiff has not alleged that the Letter changed his decision-making or altered his ability to dispute the debt.  In fact, Plaintiff's alleged "confusion" is so elusive or imagined he cannot point to a specific way in which the language in the Letter forced him to act or not act in a particular manner.

Defendant has arguably designed a collection letter that goes beyond the requirements of the FDCPA by clearly explaining how the amount due to Defendant was calculated.  The Letter itemizes both the principal balance owed and also the interest owed.  *Id.*  The Letter accurately reflects that no interest was owed at the time Defendant mailed the Letter. Exhibit B, ¶6. The Letter implies nothing about future accrued interest and overtly states nothing about future accrued interest.  Exhibit C.

In the event this Court determines that a statement that no interest is owed implies to the least sophisticated consumer that interest may accrue in the future, the Letter here still cannot be considered misleading or deceptive.  Defendant intended to add interest to the Account in the future if Plaintiff chose not to pay.  Exhibit B, ¶ 8.  Additionally, and as described in greater detail below, Defendant is legally entitled to collect interest on unpaid debt.  C.R.S. 5-12-101 *et seq.* Thus, the Letter was a clear and legally accurate reflection of the balance due Defendant.  The Letter does not violate the FDCPA and summary judgment should be granted in favor of Defendant.

## B.  PLAINTIFF'S CLAIM UNDER 15 U.S.C. 1692f MUST FAIL BECAUSE DEFENDANT WAS LEGALLY ENTITLED TO REQUEST INTEREST

Plaintiff's claims must fail as Defendant is legally entitled to request interest.  Plaintiff

alleges Defendant violated 15 U.S.C. 1692f by unfairly suggesting that it could collect amounts

it is not legally authorized to collect.  Complaint, ¶ 31.  However, Plaintiff is legally entitled to

collect interest.  The law in Colorado allows for the recovery of statutory interest on unpaid debt

as follows:

> When there is no agreement as to the rate thereof, creditors shall receive interest as follows: (b) interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or the date judgment is entered, whichever first occurs.

C.R.S. § 5-12-102 (2018).   Here, Defendant's Letter correctly reflects that interest could be

recovered from Plaintiff.  Exhibit C.  Defendant simply decided only to seek the recovery of the

principal balance on Plaintiff's account at the time it sent the Letter.  *Id.*   There is nothing

inaccurate, confusing, or misleading about the statement at the top of the Letter, "Interest $0.00."

*Id.*  The statement is clear and the statement is supported by Colorado law in that Defendant could

legally request interest.

Plaintiff further asserts a violation of 15 U.S.C. 1692f by alleging, that Defendant did not

intend to add additional charges to the Account. Complaint, ¶31.  This is simply not the case.  In

fact, interest accrued on the Account from the date the Account was placed with Defendant.

Exhibit B, ¶ 7.  Defendant simply chose not to post the accrued interest to the Account at the time

it sent the Letter.  Exhibit B, ¶8.  Defendant fully intended to post interest at the legal rate as set

forth by C.R.S. § 5-12-101 *et seq.* in the event Plaintiff failed to pay the balance due in a timely

manner.  *Id.*  Since Defendant was legally entitled to request interest, and intended to post interest

to the Account in the event Plaintiff failed to pay, there was nothing confusing, misleading, inaccurate, or unconscionable about the Letter and summary judgment should be granted in favor of Defendant.

### C. ALTERNATELY, SINCE THE AMOUNT AT ISSUE IS $0.00, THE FDCPA IS INAPPLICABLE AND DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Alternately, this Court should find that Plaintiff is not entitled to a recovery under the FDCPA because the statute is inapplicable to this case. In order to prevail on an FDCPA claim, Plaintiff must establish four items: (i) the plaintiff who has been the target of collection activity must be a "consumer" as defined under 15 U.S.C. §1692a(3); (ii) the defendant was a "debt collector"; (iii) the defendant was collecting a "debt" as defined under 15 U.S.C. § 1692a(5) and (iv) the defendant must have engaged in any act or omission in violation of the FDCPA. *Villanueva v. Account Discovery Sys., LLC.,* 77 F. Supp. 3d 1058, 1073 (D. Colo. 2015) *(citing Sherwood v. BRT Corp.,* No. 12–cv–02782–RM–KMT, 2014 WL 5763191, at *5 (D. Colo. July 8, 2014))*; Lucero v. Bd. of Recovery, Inc.*, No. CIV 09–0532 JB/WDS, 2012 WL 681797, at *12 (D.N.M. Feb. 28, 2012). In order for a plaintiff to establish a violation under these provisions, the debt collector must be engaged in prohibited conduct 'in connection with the collection of a debt." *Gorbaty v. Portfolio Recovery Assoc.,* 355 Fed.Appx. 580, 581 (3d Cir. 2009). Courts have reasoned that zero, as a dollar amount, cannot constitute a debt. And it logically follows that when there is no debt, there can be no debt collection. *Posso v. Asta Funding Inc.*, No. 07 C 4024, 2007 WL 3374400, at *3 (N.D. Ill. Nov. 9, 2007); *Winter v. I.C. Sys., Inc.*, 543 F. Supp. 2d 1210, 1214 (S.D. Cal. 2008) (finding no violation of the FDCPA when the alleged conduct occurred after the consumer paid off his debt). The United States District Court for the District of Colorado applied the reasoning of the *Posso* and *Winter* courts referenced above in a case with similar facts, *Huffman*

*v. BC Services,* and held the FDCPA is inapplicable where the conduct is not in connection with a debt. *Huffman v. BC Services, Inc.,* 2017 WL 2537106 at \*3 (D. Colo. 2017). In *Huffman,* the Court reviewed a BC Services letter reflecting $0.00 owed and determined that there was no attempt to collect a debt, and therefore granted Defendant's motion to dismiss. *Id.* Like *Huffman,* the alleged offending conduct here falls outside the purview of the FDCPA.

Here, Plaintiff challenges Defendant's demand for zero interest. Plaintiff contends that asking for no interest is somehow confusing, misleading and unconscionable. Complaint, ¶¶24-31. Therefore, Plaintiff's challenge is not "in connection with a debt" as it is related to a claim that no interest is owed. First, as stated above, Defendant is legally entitled, pursuant to statute (or agreement if one), to request interest on the Account. C.R.S. 5-12-102 (2018). Second, the Letter at issue is clear and not misleading – zero means zero. Exhibit C. Nothing in the Letter insinuates that Plaintiff should pay any amount other than the amount stated on the Letter. *Id.* Finally, the amount of money at issue is $0.00. Plaintiff should not be permitted to allege an FDCPA violation for asking Plaintiff to pay nothing in interest. As prior cases have outlined, if the challenge is to the collection of no money – the matter falls outside the FDCPA and Plaintiff's claims fail. Therefore, this Court should grant Defendant's motion for summary judgment as the FDCPA does not apply.

## IV.   CONCLUSION

Plaintiff's claims under 15 U.S.C. §§ 1692e, 1692f should fail as a matter of law. The matter at hand is a request that this Court consider a "bizarre or idiosyncratic" reading of the FDCPA in order to find liability against Defendant. No reasonable juror could possibly find that a letter reflecting that $0.00 is owed in interest is somehow confusing or misleading and Plaintiff cannot show that the statement in the letter materially altered his ability to dispute the debt.

12

Defendant did not violate the FDCPA in any way in this matter when it crafted its Letter. Alternatively, Defendant should be entitled to judgment as a matter of law as Plaintiff's claims fail under the FDCPA as Plaintiff's entire case surrounds a demand for no interest.

WHEREFORE, the Defendant, pursuant to Fed.R.Civ.P. 56, respectfully requests that the Court enter judgment in its favor, and against Plaintiff, with respect to Plaintiff's claims in this case, and for such additional relief as the Court deems appropriate.

Respectfully submitted this 8th of March 2019.

/s/ Veronica L. Vecchio
Theodore E. Laszlo, Jr., Esq.
Michael J. Laszlo, Esq.
Adam L. Plotkin, Esq.
Veronica L. Vecchio, Esq.
Laszlo & Associates, LLC
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303) 443-0758  (fax)
Email: vecchio@laszlolaw.com

*Attorneys for BC Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

nvolheim@sulaimanlaw.com

thatz@sulaimanlaw.com

By:      */s/ Veronica L. Vecchio*
         Veronica L. Vecchio, Esq.