# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02488-STV

TREVOR L. ALVERSON,

    Plaintiff,

v.

BC SERVICES, INC.,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant's Motion for Summary Judgment [#16] (the "Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#10, 11] The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion. For the following reasons, Defendant's Motion is **GRANTED**.

**I.    UNDISPUTED FACTS**

    This action arises out of Defendant BC Services, Inc.'s attempts to collect a debt from Plaintiff Trevor Alverson related to purportedly past due payments for medical treatment Plaintiff purportedly received from SCL Platte Valley Medical Center ("SCL"),

which is referred to herein as the "Subject Debt." [#1 at ¶¶ 8–9]  Except where expressly noted, the relevant facts are undisputed.[1]

At the time of Plaintiff's medical treatment on October 13, 2017, Plaintiff electronically signed an "Agreement For Assignment Of Insurance Benefits." [#31-1, DSOF10; #31-4]  This agreement states that "[i]f [Plaintiff's] health plan/insurance deems any or all of these services are not covered and/or not medically necessary for any reason, then [Plaintiff] understand[s] that [Plaintiff is] personally financially responsible for payment of those services and/or supplies provided to [him]."  [#31-4 at 1]  It further states that "[s]hould this account be referred to any attorney or collection agency, reasonable attorney's fees and/or collection expenses shall be payable by [Plaintiff] in addition to any other amounts due."  [*Id.*]

On some, unspecified date, the Subject Debt became due and owing to SCL; even though SCL had the right at that point to charge interest on the Subject Debt, SCL "does not post interest to accounts that are due and owing."  [#31-1, PSOF9]  SCL last sent a statement to Plaintiff in connection with the Subject Debt on November 28, 2017.  [*Id.* at PSOF10]  On May 21, 2018, SCL assigned the Subject Debt to Defendant for collection.[2]

---

[1] The undisputed facts are drawn from the Separate Statement of Facts (the "Statement of Facts") filed with the briefing on the Motion.  [#31-1]  The Court refers to the sequentially numbered facts set forth by Defendant in the Statement of Facts as "DSOF#" and refers to the sequentially numbered facts set forth by Plaintiff in the Statement of Facts as "PSOF#."  The Court periodically cites directly to the exhibits submitted with the Statement of Facts to provide additional context.

[2] Plaintiff contends that SCL "charged off the [S]ubject [D]ebt" on December 26, 2017 and "placed the debt with its early-out collection procedures" where the Subject Debt remained until it was assigned to Defendant for collection.  [#31-1, PSOF 11]  Defendant disputes that SCL "charged off" the Subject Debt.  [*Id.*]

[*Id.* at DSOF1] The Master Collection Agent Agreement entered into between SCL and Defendant effective June 23, 2017, states, in relevant part, that:

> [Defendant] shall have the right to charge the statutory rate of interest on the balance owing once the accounts are placed for legal action in accordance with all applicable laws and regulations. The decision to waive (or the refusal to waive) any or all amounts of accrued interest on legal accounts shall be committed to the sole discretion of [Defendant].

[#31-2 at 3]

On May 22, 2018, Defendant sent a collection letter (the "May 22 Letter") to Plaintiff relating to the Subject Debt, notifying Plaintiff that "Your creditor, listed above, has placed your account for collection." [#31-1, DSOF2; *see also* #16-4] It is undisputed that Plaintiff received the May 22 Letter. [*Id.* at DSOF4] With regard to the amount due on the Subject Debt, the May 22 Letter stated:

> Date: May 22, 2018    LC1011-#101
> Creditor: SCL PLATTE VALLEY MEDICAL CENTER
> Account #: 15512415
> Principal: $454.20    Interest: $0.00    Balance: $454.20

[#16-4] The May 22 Letter thus reflected principal in the amount of $454.20, interest in the amount of $0.00, and a balance due in the amount of $454.20. [*Id.*] The parties agree that the May 22 Letter accurately reflected the amount due at the time Defendant sent the May 22 Letter to Plaintiff. [#31-1, DSOF8] At the time Defendant sent the May 22 Letter, Defendant was not asking Plaintiff to pay interest on the Subject Debt.[3] [*Id.* at DSOF5]

---

[3] The parties dispute whether Defendant had an intent to charge interest on the Subject Debt at some point in the future at the time the May 22 Letter was sent. Defendant contends that it "waived interest at the time it sent the [May 22] Letter intending only to post interest to the Account if Plaintiff did not pay the account in a timely manner," [#31-1, DSOF7], and acknowledges that it "uses the mechanism of a collection lawsuit to collect interest," [*id.* at PSOF6]. Plaintiff, however, contends that Defendant "did not intend to add interest to the [S]ubject [D]ebt until [Defendant] began exploring the possibility of suing Plaintiff for the [S]ubject [D]ebt." [*Id.* at PSOF6]

On or about July 13, 2018, Defendant sent Plaintiff an additional letter concerning the Subject Debt, which, like the May 22 Letter, represented the balance of the subject debt as $454.20. [*Id.* at PSOF2, PSOF3; *see also* #27-3] On or about September 11, 2018, Defendant sent Plaintiff an additional letter concerning the Subject Debt, which continued to represent the balance of the subject debt as $454.20. [*Id.* at PSOF4, PSOF5; *see also* #27-4] Neither the July 13, 2018 letter nor the September 11, 2018 letter included any notation regarding interest. [#27-3, 27-4]

On September 28, 2018, Plaintiff filed the instant lawsuit alleging that Defendant violated two provisions of the Fair Debt Collection Practices Act ("FDCPA"). [#1] Plaintiff first contends that Defendant violated 15 U.S.C § 1692e, which prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," by including an interest line item in the May 22 Letter.[4] [*Id.* at ¶¶ 24-28] According to the Complaint, the inclusion of a reference to interest "allud[ed] to the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection letter." [*Id.* at ¶ 26] Plaintiff also contends that Defendant's inclusion of the interest line item violated 15 U.S.C § 1692f, which prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." [*Id.* at ¶¶ 29-31] More specifically, Plaintiff contends that inclusion of an interest line item was unfair or unconscionable

---

[4] The Complaint also alleges that Defendant violated Section 1692e by "deceptively represent[ing] the amount due" in the May 22 Letter. [#1 at ¶ 27] Plaintiff makes no argument in support of this allegation in its briefing on the Motion [#27], and expressly admits that the May 22 Letter "accurately reflected the amount due at the time Defendant sent the [May 22] Letter to Plaintiff" [#31-1, DSOF8]. The Court thus understands Plaintiff to have abandoned any claim premised upon Defendant misrepresenting the amount of the Subject Debt in the May 22 Letter.

4

because Defendant was precluded from adding interest to the Subject Debt, and, even if interest could lawfully be added, "it was unfair for Defendant to threaten the addition of late charges and other charges, as it did not intend to tack on any additional costs in connection with the matter." [*Id.* at ¶ 31]

On March 8, 2019, Defendant filed the instant motion. [#16]  Plaintiff filed his response to the Motion on April 12, 2019. [#27]  On April 25, 2019, Defendant filed its reply in support of the Motion. [#31]

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact, which the movant may do "simply by pointing out to the court a lack of evidence . . . on an essential element of the nonmovant's claim" when the movant does not bear the burden of persuasion at trial. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998).  If the movant carries this initial burden, the burden then shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial." *Id.* at 671 (quotation omitted).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury. *See Anderson*, 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Evidence, including testimony, offered in support of or in opposition to a motion for summary judgment must be based on more than mere speculation, conjecture, or surmise. *Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In reviewing a motion for summary judgment, the Court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party." *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

### B.     FDCPA Violations

There is a split of authority over whether the judge in an FDCPA case should determine as a matter of law whether a collection letter is false, misleading, or deceptive or whether the issue presents a question of fact to be resolved by the jury. The Tenth Circuit has not directly addressed this issue. The Second, Fourth, and Ninth Circuits have held that the determination of whether a defendant has violated Section 1692e is a question of law to be determined by the Court. *Kalebaugh v. Berman & Rabin, P.A.*, 43

F. Supp. 3d 1215, 1222 (D. Kan. 2014) (collecting cases).  Alternatively, the Fifth, Sixth, Seventh, and Eleventh Circuits have concluded that this determination is a question of fact to be resolved by the jury.  *Id.* (collecting cases).  The Court finds it unnecessary to resolve this split in authority, however, because, even if the determination of whether Defendant violated the FDCPA is a question of fact to be resolved by the jury, in the instant case, there are no genuine issues of disputed material facts and thus the determination can be made as a matter of law on summary judgment.  As the court in *Kalebaugh* explained, even the courts adopting the view that the determination is a question of fact have acknowledged "that not all cases require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language of the collection letter."  *Id.* (citing *Kuehn v. Cadle Co., Inc*, 335 Fed. App'x 827, 830 (11th Cir. 2009); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)).

### III.     ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To succeed on a claim under the FDCPA, a plaintiff must establish the following four elements: (1) the plaintiff is a natural person who is a "consumer" under 15 U.S.C. § 1692a(3); (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes under 15 U.S.C. § 1692a(5); (3) the defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated, by act or

omission, a provision of the FDCPA. *Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096, 1103 (D. Colo. 2015). Here, Defendant challenges only the fourth element—*i.e.*, whether any of Defendant's actions or omissions constitute a violation of any provision of the FDCPA.

Plaintiff alleges that Defendant violated Section 1692e and Section 1692f. [#27] Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and includes a non-exhaustive list of 16 specifically prohibited practices that violate the general prohibition against false, deceptive, or misleading representation or means. 15 U.S.C. § 1692e. Of relevance to the instant Motion, Plaintiff argues that Defendant's conduct, in addition to violating the general prohibition, violated subsection 2(a), which prohibits the false representation of the character, amount, or legal status of any debt, subsection 5, which forbids the threat to take any action that cannot legally be taken or that is not intended to be taken, and subsection 10, which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt. [#27 at 1] Section 1692f proscribes a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."[5] 15 U.S.C. § 1692f.

The federal circuits are split with regard to the appropriate standard that should be applied in evaluating whether a debt collector's representations are false, deceptive, misleading, unfair, or unconscionable. The majority of Circuits—including the Second,

---

[5] Section 1692f includes a non-exhaustive list of eight specifically prohibited practices that violate the general prohibition against unfair or unconscionable means. 15 U.S.C. § 1692f. Plaintiff's response to the Motion argues a violation of Section 1692f's general prohibition without invoking any of the eight specific examples. [#27 at 18]

Third, Sixth, Ninth, and Eleventh Circuits—have adopted a "least sophisticated consumer" standard, whereas a minority of Circuits—including the First, Seventh, and Eighth Circuits—have adopted an "unsophisticated consumer" standard.[6]  *See, e.g.*, *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 n.4 (1st Cir. 2014) (noting Circuit split and adopting the "hypothetical unsophisticated consumer" standard); *Hatuey v. IC Sys., Inc.*, No. 1:16-CV-12542-DPW, 2018 WL 5982020, at *3 n.3 (D. Mass. Nov. 14, 2018) (identifying Circuit Split).  Although the Tenth Circuit has not expressly addressed the appropriate standard in a published opinion, it has applied the least sophisticated consumer standard in two unpublished decisions.  *See Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015); *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. 1997) (unpublished table decision). Here, both parties agree that the Court should apply the least sophisticated consumer standard.  [#16 at 4; #27 at 3] For purposes of the current Motion, the Court thus will apply the least sophisticated consumer standard to Plaintiff's claims.

The least sophisticated consumer standard is an objective standard that considers "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the [communication] he or she receives" from the debt collector.  *Russell v.*

---

[6] In practice, there appears to be little, if any, difference between the two standards. See, *e.g.*, *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 n.1 (5th Cir. 2002) (noting that "the difference between the standards is de minimis at most"); *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996) (indicating that unsophisticated consumer standard "is a distinction without much of a practical difference in application" from the least sophisticated consumer standard).  Some courts and commentators have suggested, however, that the unsophisticated consumer standard may be more demanding for plaintiffs to satisfy.  *See, e.g.*, *Palmer v. Dynamic Recovery Sols., LLC*, No. 6:15-CV-59-ORL-40KRS, 2016 WL 2348704, at *5 n.2 (M.D. Fla. May 4, 2016).

9

*Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).  The least sophisticated consumer, however, "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).  The least sophisticated consumer standard serves the dual purpose of "(1) ensur[ing] the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protect[ing] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices."  *Clomon*, 988 F.2d at 1320.

Here, Plaintiff's Section 1692e and Section 1692f claims are both premised upon Defendant's inclusion of a reference to $0.00 interest in the May 22 Letter.  Specifically, Plaintiff contends that Defendant's itemization of $0.00 interest "suggests the future possibility" that a charge for interest may accrue in the future and thus was "false, deceptive, misleading, and unfair, [because] the record demonstrates that Defendant lacked the lawful ability to collect interest on the [S]ubject [D]ebt and further did not intend to add any such interest to the [S]ubject [D]ebt."  [#27 at 1]  Plaintiff's Section 1692e and Section 1692f claims thus both rest upon the same premise—*i.e.*, that Defendant's itemization of interest in the May 22 Letter deceptively implied that interest may accrue on the Subject Debt in the future if not timely paid.

Defendant disputes the validity of this central premise and argues that both of Plaintiff's claims thus fail as a matter of law.  Specifically, Defendant argues that the May 22 Letter "accurately reflects that no interest was owed at the time Defendant mailed the [May 22] Letter" and that it "implies nothing about future accrued interest and overtly states nothing about future accrued interest."  [#16 at 9]

10

The parties thus dispute how Defendant's inclusion of the $0.00 interest line in the May 22 Letter would be interpreted by the least sophisticated consumer. Neither Plaintiff nor Defendant presents any extrinsic evidence to support their interpretation. [*See* #31-1] Nor has either party presented any caselaw from the Tenth Circuit addressing this issue, and the Court is not aware of any. Although numerous courts outside of the Tenth Circuit have addressed the exact issue presented here, those courts have reached conflicting conclusions.

Some courts have found that the inclusion of an itemization of $0.00 for interest and/or fees may imply to the consumer that such interest and/or fees will begin to accrue if the amount due is not promptly paid and that such an implication may violate the FDCPA if the debt collector does not actually have the right or intent to charge such interest or fees if the amount is not promptly paid. *See, e.g.*, *Duarte v. Client Servs., Inc.*, No. 18 C 1227, 2019 WL 4572941, at *5 (N.D. Ill. Sept. 20, 2019) (finding that itemization of $0.00 for "Other Charges" was "not plainly misleading but could cause confusion or mislead the unsophisticated consumer"); *Driver v. LJ Ross Assocs., Inc.*, No. 318CV00220MPBRLY, 2019 WL 4060098, at *3 (S.D. Ind. Aug. 28, 2019) (finding that "[b]y stating that total interest added and charges/adjustments were $0.00, it is reasonable for the letter to be read to imply that these charges could begin to accrue if [the plaintiff] did not pay the debt"); *Gaston v. Fin. Sys. of Toledo, Inc.*, No. 3:18-CV-2652, 2019 WL 2210769, at *3 (N.D. Ohio May 22, 2019) (concluding that the inclusion of interest and "other" columns with zero balances "could mislead the least sophisticated consumer"); *Lemke v. Escallate, LLC*, 374 F. Supp. 3d 727, 731 (N.D. Ill. 2019) (finding it "possible . . . that the mere notice of zero 'accrued interest' could . . . lead an unsophisticated consumer to conclude that

interest might accumulate on the debt in the future"); *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 2967061, at *2 (N.D. Ill. June 13, 2018) (finding that itemization of "$0.00" in fees and collection costs may mislead consumer). As the Court in *Wood* explained, "by stating that fees and collection costs stood at '$0.00,' instead of stating something like 'N/A' or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if [the plaintiff] did not pay the debt." 2018 WL 2967061, at *2.

Other Courts, however, have held that the inclusion of an itemization of $0.00 for interest and/or fees does not suggest anything with regard to whether interest and/or fees may later accrue if the amount is not promptly paid and thus the inclusion of the itemization is not false, deceptive, misleading, unfair, or unconscionable. *See, e.g.*, *Qureshi v. Vital Recovery Servs., Inc.*, No. 18CV4522ENVRML, 2019 WL 3842697, at *3 (E.D.N.Y. Aug. 15, 2019) (finding that "[t]he mere inclusion of zero-balance line items for interest and fees does not imply that such charges may accrue in the future" and "has no coercive import"); *Donaeva v. Client Servs., Inc.*, No. 18-CV-6595 (BMC), 2019 WL 3067108, at *2 (E.D.N.Y. July 12, 2019) (finding that it would not "be reasonable to infer from 'Interest: 0.00' and 'Other Charges: 0.00' that the account would somehow begin to accrue fees and other charges at some later unspecified time"); *Delgado v. Client Services, Inc.* No. 17 C 4364, 2018 WL 1193741, at *1-4 (N.D. Ill. Mar. 7, 2018) (finding that collection letter which included an itemization of $0.00 in interest and $0.00 in "Other Charges" did not mislead consumer); *Dick v. Enhanced Recovery Co., LLC*, No. 15CV2631RRMSMG, 2016 WL 5678556, at *4 (E.D.N.Y. Sept. 28, 2016) (finding that inclusion of itemization of $0.00 for "Non-Interest Charges & Fees" was not deceptive or

misleading).  As the court in *Dick* explained, an interpretation that the inclusion of the itemization implies the future imposition of fees "contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an accounting of that debt."  2016 WL 5678556, at *4.  According to the court in *Dick*, the inclusion of such an itemization is not false, deceptive, or misleading, because it "does not leave . . . the least sophisticated consumer[ ] in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection."  *Id.*

This Court agrees with the courts that have held that a collection letter which correctly states the balance due and also includes an itemization of $0.00 interest is not false, deceptive, misleading, unfair, or unconscionable even if the debt collector has no legal right or intent to charge interest in the future.  More specifically, the Court agrees that "[t]he mere inclusion of zero-balance line items for interest . . . does not imply that such charges may accrue in the future."  *Qureshi*, 2019 WL 3842697, at *3.  Nor does the Court believe it is "reasonable to infer from 'Interest: 0.00' . . . that the account would somehow begin to accrue fees and other charges at some later unspecified time."  *Donaeva*, 2019 WL 3067108, at *2.  Such an interpretation "ignores the total absence of language in the letter suggesting even the slightest possibility that additional charges might accrue" and render's "[P]laintiff's proposed reading . . . both idiosyncratic and irrational."  *Qureshi*, 2019 WL 3842697, at *3.

Particularly given Plaintiff's failure to adduce any evidence that he or any other consumer actually was misled by the inclusion of the itemization of $0.00 interest,[7] the Court shares the *Donaeva* court's concern that "[o]nly a consumer in search of an ambiguity, and not the least sophisticated consumer relevant here, would interpret the [May 22 Letter] to mean that interest was accruing" or, worse still, that only "a lawyer in search of ambiguity . . . [would] find fault with this entirely accurate and innocuous debt collection letter that does not resemble the kind of debt collection abuses that inspired the FDCPA." 2019 WL 3067108, at *4 (quotation omitted). Allowing this type of "creative" claim to succeed runs the risk of hurting, rather than protecting, the least sophisticated consumer, because "the cost of litigation in the collection industry logically must increase the cost of credit," and thereby may hurt the least sophisticated consumer "by making her

---

[7] The Court appreciates that the least sophisticated consumer standard is an objective rather than subjective standard and thus Plaintiff is not required to show that he actually was misled by Defendant's statement regarding $0.00 interest. *See Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096, 1113 (D. Colo. 2015) (finding it unnecessary to make individual determination of each potential class member's subjective understanding of the debt collection letter in question). The Court notes, however, that several of the courts that have found that the inclusion of an itemization of $0.00 for interest and/or fees may mislead an unsophisticated consumer have nonetheless required the plaintiff to come forward with "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Lemke*, 374 F. Supp. 3d at 732 (quotation omitted) (granting summary judgment to defendant where plaintiff failed to offer any extrinsic evidence); *see also Duarte*, 2019 WL 4572941, at *4 (granting defendant summary judgment where plaintiff failed to present extrinsic evidence to show that inclusion of itemization of $0.00 for "Other Charges" would mislead unsophisticated consumer); *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 6830333, at *4 (N.D. Ill. Dec. 28, 2018) (granting defendant summary judgment where plaintiff failed to adduce extrinsic evidence that unsophisticated consumer would interpret itemization of $0.00 in fees to mean that fees would accrue if not paid).

pay higher interest rates, collection costs, or depriving her of access to credit at all."[8]  *Id.* (quotation omitted).

Accordingly, the Court finds that the May 22 Letter does not violate either Section 1692e or Section 1692f, because it is undisputed that it "accurately reflected the amount due at the time Defendant sent [it]" [#31-1, DSOF8], and the inclusion of an itemization of $0.00 interest "does not leave . . . the least sophisticated consumer[ ] in doubt of the nature and legal status of the underlying debt . . . [or] impede the consumer's ability to respond to or dispute collection," *Dick*, 2016 WL 5678556, at *4.  Defendant thus is entitled to summary judgment on Plaintiff's claims.[9]

---

[8] Such a risk overshadows the potential harm that would be caused if the Court is mistaken in finding that the itemization of $0.00 interest would not reasonably imply to the least sophisticated consumer that interest may accrue if the debt it not promptly paid. "[T]he only harm . . . a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later."  *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d Cir. 2018).

[9] Defendant's Motion also argues that, even if the inclusion of an itemization of interest could be interpreted as suggesting that interest may be charged in the future, such a representation was not material and was not a misrepresentation, because Defendant had a legal right to charge interest on the Subject Debt and intended to do so if Plaintiff failed to pay the debt prior to Defendant instituting litigation.  [#16]  Given the Court's finding that the inclusion of an itemization of $0.00 interest was not false, deceptive, misleading, unfair, or unconscionable, the Court finds it unnecessary to address Defendant's arguments made in the alternative.  The Court acknowledges, however, that there is some inconsistency in Defendant's position that, on the one hand, its inclusion of $0.00 interest can not reasonably be interpreted to imply that it may charge Plaintiff interest on the Subject Debt in the future, and, on the other hand, that at the time it sent the May 22 Letter, it intended to charge Plaintiff interest if it was forced to pursue litigation. For the reasons stated, however, the Court finds that the May 22 Letter would not reasonably imply to the least sophisticated consumer that interest would accrue and Plaintiff's FDCPA claims are not premised upon an argument that Defendant was required to clearly disclose in the May 22 Letter its intent to charge interest in the future if the debt was not repaid.  Nor is it clear that such an argument would have merit.  *See Roman v. RGS Fin., Inc.*, No. 217CV04917ADSAKT, 2019 WL 4247551, at *7 (E.D.N.Y. Sept. 6, 2019) (finding that "it suffices that the debt was static *at the time* [of the collection letter], even if the creditor could assess additional charges at a later date, so long as the balance

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [#16] is **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff and to terminate this case.

DATED:  October 18, 2019                             BY THE COURT:


                                                                          s/Scott T. Varholak
                                                                          United States Magistrate Judge

---

due in the collection notice accurately reflects the amount that would satisfy the debt through reasonably prompt payment").